A CERTIFIED TRUE COPY
ATTEST

By Teresa Bishop on Aug 10, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 10, 2010

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

**IN RE: BP p.l.c. SECURITIES LITIGATION**

AUGUST 10, 2010

MDL No. 2185

DAVID J. BRADLEY, CLERK OF COURT

A CERTIFIED TRUE COPY
ATTEST
By L. Gouldie on August 10, 2010
US DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiff in an action (*Ludlow*) pending in the Western District of Louisiana has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of *Ludlow*, another action (*Johnson Investment Counsel*) pending in the Western District of Louisiana, and an action (*Yuen*) pending in the Central District of California, as listed on Schedule A.[1] The three actions all involve alleged violations of Sections 10(b) (and Rule 10b-5 promulgated thereunder) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*, and share allegations that BP and its executives misled the investing public concerning the company's safety measures and commitment to conducting safe operations.

I.

All responding plaintiffs in the constituent actions support centralization, but differ as to the appropriate transferee district. The *Johnson Investment Counsel* plaintiff favors the Western District of Louisiana; the *Yuen* plaintiffs advocate the Central District of California; and plaintiffs in one of the two potential tag-along actions pending in the Eastern of District of Louisiana argue for that district. In addition, the comptroller of the State of New York and the attorney general of Ohio collectively submitted a brief supporting centralization in the Southern District of New York.[2]

Common defendants BP p.l.c. and BP America Inc. (collectively BP), however, oppose the *Ludlow* plaintiff's motion. BP argues that these actions should be included in MDL No. 2179, In

---

[*] Judge Damrell took no part in the disposition of this matter.

[1] The Panel has been notified of two additional related actions, both pending in the Eastern District of Louisiana. Those actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The New York State comptroller submitted the brief in his capacity as administrative head of the New York State and Local Retirement System and sole trustee of the New York State Common Retirement Fund, while Ohio's attorney general did so in his capacity as statutory litigation counsel for the Ohio Public Employees Retirement System, the State Teachers Retirement System of Ohio, and the Ohio Police & Fire Pension Fund.

- 2 -

re: Oil Spill by the Oil Rig "Deepwater Horizon"in the Gulf of Mexico, on April 20, 2010,[3] and thus that creation of a separate MDL is not warranted. If the Panel nevertheless orders separate centralization in this docket, then BP argues that (1) both this docket and MDL No. 2179 should be assigned to the same transferee district (and, in BP's view, that district is the Southern District of Texas); and (2) three putative ERISA class actions that are currently the subject of a separate recently-filed Section 1407 motion for centralization (MDL No. 2189, In re: BP Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation) belong in the instant docket.

The moving plaintiff in MDL No. 2189 opposes inclusion of the ERISA actions in either this docket or MDL No. 2179, and plaintiffs in one of those actions (*Arshadullah*) oppose inclusion of their action in any MDL whatsoever. Finally, plaintiffs in a shareholder derivative action (*Miles*) pending in the Eastern District of Louisiana also oppose inclusion of their action in either this docket or MDL No. 2185, but, in the alternative, support centralization in the Eastern District of Louisiana.

II.

On the basis of the papers filed and the hearing session held, we find that the three actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions share allegations that BP and its executives misled the investing public concerning the company's safety measures and failed to disclose that its safety procedures were inadequate and that it cut costs at the expense of safety. As a result, according to plaintiffs, they and other investors purchased American Depositary Receipts of BP p.l.c. at artificially inflated prices. The Panel has typically centralized cases involving these kinds of securities claims and implicating common factual issues. *See, e.g., In re: Citigroup Inc. Securities Litigation*, 648 F.Supp.2d 1382, 1383 (J.P.M.L. 2009).

BP's argument that these actions belong in MDL No. 2179 has facial appeal, but no more. Of course, the securities actions and the actions centralized in MDL No. 2179 do share an underlying genesis: the causes and consequences of the "Deepwater Horizon" disaster. However, the true factual focuses of these two dockets are vastly different. Plaintiffs in MDL No. 2179 will likely focus on the incident itself, the respective fault, if any, of the three or four primary actors, and the incident's economic and other after effects. In the securities actions, discovery will likely focus on BP alone, its safety record over at least the past five years, and, in particular, the alleged duty of BP officials to recognize and disclose the likelihood that a calamity such as this might occur. Thus, the typical benefits of common discovery would likely be few. Moreover, the MDL No. 2179 claims alone will require, in all probability, the transferee judge's undivided attention. To combine these essentially different factual pursuits in a single MDL would likely create an unwieldy and ultimately

---

[3] By separate order, the Panel has ordered centralization in MDL No. 2179, and has transferred to the Eastern District of Louisiana cases involving primarily wrongful death, personal injury, and property and other economic damages claims arising from the Deepwater Horizon disaster.

counterproductive litigation vehicle. We are unaware of any instance in which the Panel has ever centralized such disparate claims. In our view, this is not the occasion to deviate from that sound policy.

With respect to the three ERISA actions referenced by BP, we believe that inclusion of those actions in the instant docket may be appropriate. Without prejudging the matter, however, we will issue a separate order requiring the involved parties to show cause why those actions should not be included in this MDL. With respect to the *Miles* action, we believe that its inclusion in this docket may also be appropriate, and, accordingly, will include it on a forthcoming conditional transfer order. The *Miles* plaintiffs are free to oppose transfer at that time. *See* Rule 7.4, R.P.J.P.M.L., 199 F.R.D. at 435-36.

III.

We are persuaded that the Southern District of Texas is the most appropriate transferee district for pretrial proceedings in this litigation. Because potential plaintiffs and putative class members will reside in every corner of the country, the location of the currently filed cases is not a particularly important factor in our decision. Similarly, that no constituent action is currently pending in the Southern District of Texas is not an impediment to its selection as the transferee district. *See, e.g.*, *In re Southwestern Life Insurance Co. Sales Practices Litigation*, 268 F.Supp.2d 1377, 1378 (J.P.M.L. 2003). Since all the actions in this docket are at an early stage, transfer to another district should not be unduly disruptive.

In addition, given that MDL No. 2179 will focus on significantly different inquiries, the Panel finds no particular reason why it should transfer the securities cases to the same district in which it has elected to centralize that other docket. It is more important that plaintiffs' counsel will undoubtedly pursue significant discovery into BP's Gulf Coast operations, which are based primarily in Houston, Texas. Relevant documents and witnesses are thus likely to be located in the Southern District of Texas. We have asked Judge Keith P. Ellison – a jurist with outstanding credentials – to handle these cases. He possesses both the time and judicial experience to steer the litigation on a prudent course. In addition, he already has developed some familiarity with the contours of this litigation through his handling of a limitation proceeding brought by various Transocean entities.[4]

---

[4] In our order in MDL No. 2179, we state that it is our preliminary assessment that this proceeding should be included in that docket. Needless to say, that assessment is no reflection on Judge Ellison's able oversight of the matter to date.

- 4 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of Texas, and, with the consent of that court, assigned to the Honorable Keith P. Ellison for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr.* | Barbara S. Jones |

**IN RE: BP p.l.c. SECURITIES LITIGATION**                         MDL No. 2185

## SCHEDULE A

<u>Central District of California</u>

Thomas Yuen, et al. v. BP p.l.c., et al., C.A. No. 2:10-4164

<u>Western District of Louisiana</u>

Robert Ludlow v. BP, PLC, et al., C.A. No. 6:10-818
Johnson Investment Counsel, Inc. v. BP, PLC, et al., C.A. No. 6:10-903